MOW Local 13 plan 12/01/2017

| Debtor | **Randy Gene Widener** | Case number | **19-50060** |
| | **Jennifer Lynne Widener** | | |

**United States Bankruptcy Court for the WESTERN DISTRICT OF MISSOURI**
**Chapter 13 Plan**

☐ Check if this an amended plan and list below the Parts of the plan that have been changed:

_____

☑ Above median
☐ Below median

**Part 1:  Notices**

**To Debtors:**  **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely written objection to confirmation. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015 and LR Rule 3083-1(D) and (E). In addition, you must have a filed and allowed proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included", if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the plan.***

| | | Included | Not Included |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Part 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ | ☑ |
| 1.2 | Avoidance of a judicial lien or a nonpossessory, nonpurchase-money security interest, set out in Part 3.7 | ☐ | ☑ |
| 1.3 | Nonstandard provisions, set out in Part 7 | ☐ | ☑ |

**Part 2:  Plan Payments**

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

**$778.00 Monthly**

**2.2 Regular payments to the trustee will be made from future income in the following manner:** *Check all that apply.*

☑ Debtor(s) will make payments pursuant to a payroll deduction order to the employer(s) and in the amount(s) listed below:

| Debtor's name | amount | Employer's name | Street address | City, state & zip |
|---|---|---|---|---|
| **Randy Gene Widener** | **$778.00** | **Johnson Controls** | **4722 Pear Street** | **Saint Joseph**, MO 64503-0000 |
| | | | | |

☐ Debtor(s) will make payments directly to the trustee.

**2.3 Additional payments.**

☑ **None.** *If "None" is checked, the rest of Part 2.3 need not be completed or reproduced.*

**Part 3:  Treatment of Secured Claims**

**3.1 Maintenance of payments and cure of default, if any.**

☑ **None.** *If "None" is checked, the rest of Part 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

☑ **None.** *If "None" is checked, the rest of Part 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

☐ **None**. *If "None" is checked, the rest of Part 3.3 need not be completed or reproduced.*

The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan by the trustee. Unless otherwise ordered by the court, the claim amount stated on a filed and allowed proof of claim controls. These claims will be paid interest at the applicable Chapter 13 rate unless otherwise modified below and specified in Part 7.

| Creditor name | Last 4 digits of account # | Collateral | Interest rate | EMA payment through plan |
|---|---|---|---|---|
| **TitleMax of Missouri** | **0556** | **Impala 2003 Chevrolet 156,590 miles VIN: 2G1WF52K239330343** | **CH13Rate** | $18.93 |

**3.4 Mortgages to be paid in full during the life of the plan**

☑ **None.** *If "None" is checked, the rest of Part 3.4 need not be completed or reproduced.*

Escrow accounts associated with the claims listed above in Part 3.4:

☑ **None.** *If "None" is checked, the rest of Part 3.4 need not be completed or reproduced.*

**3.5 Secured claims of governmental units.**

☑ **None.** *If "None" is checked, the rest of Part 3.5 need not be completed or reproduced.*

**3.6 Surrender of collateral.**

☑ **None.** *If "None" is checked, the rest of Part 3.6 need not be completed or reproduced.*

**3.7 Lien avoidance**

☑ **None.** *If "None" is checked, the rest of Part 3.7 need not be completed or reproduced.*

**Part 4:    Treatment of Fees and Priority Claims**

**4.1 General**

Trustee's fees will be collected pursuant to 28 U.S.C. §586.

For Domestic Support Obligation ("DSO") noticing purposes, under 11 U.S.C. §1302(d), if the DSO claim holder listed is a governmental unit, list the name(s), address(es) and phone number(s) of the actual holder of a DSO as defined in 11 U.S.C. §101(14A). Pursuant to 11 U.S.C. §112 and Bankruptcy Rule 9037, do not disclose the name of a minor child. Identify only with the minor's initials.

If the debtor has a tax redemption claim, said claim must be listed in Part 7 and specific instructions for treatment of creditor must be clearly set out. The box in Part 1.3 indicating that nonstandard provisions are included must also be checked.

**4.2 Attorney's fees**

| Total pre-confirmation attorney fees | Pre-confirmation attorney fee paid directly by the debtor | Pre-confirmation attorney fees paid from the plan payments | Equal monthly amount ("EMA") |
|---|---|---|---|
| $4,100.00 | $1,000.00 | $3,100.00 | $442.86 |

**4.3 Ongoing post-petition Domestic Support Obligations.**

☐ **None.** *If "None" is checked, the rest of Part 4.3 need not be completed or reproduced.*

The debtor(s) shall make ongoing, post-petition DSO payments directly to the holder of the claim whether payments are made to the actual recipient or to a governmental unit as assignee. The monthly payment should be listed on Schedule I and/or J.

| Debtor's name | Ongoing DSO claim holder name | Address | Direct monthly payment |
|---|---|---|---|
| Jennifer Widener | James Hulet | 520 North Main<br>Cameron, MO 64429 | $200.00 |
|  |  |  |  |

**4.4 Pre-Petition Arrears on Domestic Support Obligation claims.**

☐ **None.** *If "None" is checked, the rest of Part 4.4 need not be completed or reproduced.*

Pre-petition arrearages owed to DSO holders under 11 U.S.C. §507(a)(1)(A) and §507(a)(1)(B) shall be paid by the trustee from plan payments on a pro rata basis from funds available after payment of creditors with an EMA unless otherwise specified in Part 7.

| Debtor's name | DSO arrearage claim holder name | Address | Estimated arrearage claim |
|---|---|---|---|
| Jennifer WIdener | James Hulet | 520 North Main<br>Cameron, MO 64429 | $1,100.00 |
|  |  |  |  |

**4.5 Other Priority Claims.**

☐ **None.** *If "None" is checked, the rest of Part 4.5 need not be completed or reproduced.*

Other Priority claims will be paid by the trustee from plan payments on a pro rata basis as funds are available for this class of claimant unless otherwise specified in Part 7. Any other special provisions must be clearly set out in Part 7.

| Priority creditor name | Estimated priority claim |
|---|---|
| Internal Revenue Service | $3,961.00 |
| Internal Revenue Service | $1,016.00 |
| Internal Revenue Service | $767.00 |

**Part 5:   Treatment of Nonpriority Unsecured Claims**

**5.1 General**

Absent court order or other agreement with the trustee, debtor(s) shall turn over to the trustee the non-exempt portion of any federal or state tax refund that is a pre-petition asset unless the non-exempt equity in the tax refunds is satisfied by the treatment of non-priority unsecured creditors in Part 5.2. Debtor(s) may also be required to pay in tax refund(s) that are not pre-petition assets if the court determines that said refunds are disposable income.

If debtor has a pending or potential lawsuit or other administrative proceeding, whether or not such cause of action is listed on Schedule A/B, any net, non-exempt proceeds which become liquidated shall be turned over to the trustee absent other court order or other agreement with the trustee.

**5.2 Nonpriority unsecured claims not separately classified.**

Choose only **one** treatment of non-priority unsecured creditors below:
☐ A dividend of 100%
☐ A dividend of 0%
☐ A dividend of %
☐ A base plan. The base is  months of payments.
☐ Liquidation Analysis Pot (LAP). There is non-exempt equity of $
☑ Disposable Income Pot. The DIP amount is $**36,247.20** (60 x $**604.12** monthly disposable income as calculated on Form 122C-2).

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims (such as long-term student loans).**

☑ **None.** *If "None" is checked, the rest of Part 5.3 need not be completed or reproduced.*

**5.4 Other separately classified nonpriority unsecured claims.**

☑ **None.** *If "None" is checked, the rest of Part 5.4 need not be completed or reproduced.*

**Part 6:    Executory Contracts and Unexpired Leases**

**List the treatment of executory contracts and unexpired leases below.**

☐ **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*

Post-petition payments and pre-petition arrearages, whether scheduled or unscheduled, on executory contracts and unexpired leases which are assumed shall be paid directly by the debtor(s). If debtor(s) have pre-petition arrearages, an estimated amount should be listed below. Debtor(s) should also include detailed information below on how the pre-petition arrearage will be cured.

| Creditor name | Description of leased property or executory contract | Assume or reject | | Estimated pre-petition arrearage | Debtor(s) will cure the pre-petition arrearage directly as follows: |
|---|---|---|---|---|---|
| | | Assume | Reject | | |
| **Jerry Anderson** | **Residential lease** | ☑ | ☐ | $0.00 | |

**Part 7:    Nonstandard Plan Provisions**

☑ **None.** *If "None" is checked, the rest of Part 7 need not be completed or reproduced.*

**Part 8:    Signatures:**

X    **/s/ Noah J. Briles**                                      Date    **February 26, 2019**
     **Noah J. Briles 41473**
**Signature of**
**Attorney for Debtor(s)**

X    **/s/ Randy Gene Widener**                             Date    **February 26, 2019**
     **Randy Gene Widener**

X    **/s/ Jennifer Lynne Widener**                         Date    **February 26, 2019**
     **Jennifer Lynne Widener**
**Signature(s) of Debtor(s)**

**The debtor(s) must sign this document even if represented by an attorney and even if the attorney also has signed above.**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the approved form for the Western District of Missouri, other than any nonstandard provisions included in Part 7.**

**PLAN PROVISIONS**

### A. PLAN PAYMENTS AND LENGTH OF PLAN

i. **Mailing address:** All plan payments shall be payable to "Richard V. Fink, Trustee", shall include the debtor's name and case number and shall be mailed to Richard V. Fink, Trustee, P.O. Box 1839, Memphis, TN 38101-1839. Any changes to the plan payment mailing address will be posted on www.ndc.org and www.13network.com.

ii. **Commencement date**: Plan payments shall commence within 30 days of the petition date. Once a plan is confirmed, that plan payment remains in effect until such time as the court confirms a subsequent amendment.

iii. **Employer wage order:** If the box for voluntary wage assignment to the employer is checked and the employer address is not provided, the wage order shall be issued directly to the debtor. If neither box in Part 2.2 is checked, the wage order shall be issued directly to the debtor. Full and timely payment is the debtor's responsibility if the voluntary wage assignment has not gone into effect or if the employer does not remit the full plan payment amount. The trustee also may cause an order to remit plan payments to be issued to the debtor's employer pursuant to LR 3083-1.

iv. **Electronic payments:** Payments can be made electronically to the trustee. There are links to the websites at www.ndc.org and www.13network.com.

### B. TREATMENT OF SECURED CLAIMS – MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY

i. **Interest rate for pre-petition arrearage:** All pre-petition arrearages, whether scheduled or unscheduled, shall be paid 0% interest pursuant to 11 U.S.C. §1322(e) unless otherwise specified in the plan or ordered by the court. If a portion of the pre-petition arrearage is entitled to interest, the treatment should be clearly specified in Part 7 as to the amount to be paid interest and the applicable interest rate. If the proof of claim is filed with no information regarding the portion to be paid interest, the trustee shall pay interest on the amount indicated in the plan. If no specific interest rate is provided and the plan provides for interest, the trustee shall use the Chapter 13 Rate in effect for the case.

ii. **Post-petition mortgage payment change:** A "Notice of Mortgage Payment Change" shall be filed with the court and served on the debtor, the debtor's counsel and the trustee no later than twenty-one (21) prior to any payment change and shall contain the information required pursuant to LR 3094-1 and Bankruptcy Rule 3002.1.

iii. **Pre-confirmation adequate protection payments on claims secured by real property:** The trustee shall distribute adequate protection payments to real property creditors being paid from the plan payments pursuant to LR 3086-1.

iv. **No proof of claim filed or no transfer filed:** The trustee shall reserve funds for the conduit portion of claims treated as long term debts and paid from the plan payments. If no proof of claim is filed, the trustee generally files a motion to deposit funds into the court registry at the conclusion of the case and will deposit the reserved funds into the court registry absent other court order. If a proof of claim is filed but the claimant does not accept funds from the trustee and no transfer or assignment of claim is filed, the trustee generally files a motion to deposit funds into the court registry at the conclusion of the case and will deposit the reserved funds into the court registry absent other court order.

### C. SECURED CLAIMS – ADEQUATE PROTECTION

i. **How adequate protection payments are made:** Creditors listed in Part 3 that are entitled to adequate protection payments pursuant to 11 U.S.C. §1326(a)(1) or LR 3086-1 will receive said payments from the trustee pursuant to LR 3086-1 unless otherwise ordered by the court. A creditor shall not receive adequate protection payments if the plan does not provide for such creditor to be treated as secured in Part 3. In order for such creditor to receive adequate protection payments, the debtor must amend the plan to specify creditor's treatment as secured and to provide an equal monthly amount for that creditor or the creditor must file an appropriate motion for adequate protection with the court and obtain an order. Creditors may file objections to the adequate protection treatment provided by the plan.

ii. **Proof of claim required:** Creditors listed in Part 3 that are entitled to adequate protection payments pursuant to 11 U.S.C. §1326(a)(1) or LR 3086-1, will receive payments from the trustee only after a proof of claim is filed with the court. Adequate protection payments shall be paid from the second month following the petition or conversion month through the confirmation month. The principal amount of the adequate protection recipient's claim shall be reduced by the amount of the adequate protection payments remitted unless the court orders otherwise.

### D. SECURED CLAIMS OF GOVERNMENTAL UNITS

i. The trustee shall pay secured claims of governmental units based on a filed and allowed proof of claim, whether listed in the plan or not, in full pursuant to 11 U.S.C. §511(a), if the claim is a tax claim entitled to payment under this statute. If the tax claim does not provide the non-bankruptcy applicable interest rate, it will be paid at the Chapter 13 rate in effect for this case.

### E. LIEN RETENTION

The holder of a secured claim shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or the discharge under 11 U.S.C. §1328. If the case is dismissed or converted without completion of the plan, the lien also shall be retained by such holder to the extent recognized by applicable non-bankruptcy law pursuant to 11 U.S.C. §1325(a)(5)(B).

### F. TREATMENT OF FEES AND PRIORITY CLAIMS

i. **Trustee's fees:** Trustee's fees shall be collected pursuant to 28 U.S.C §586.

ii. **Pre-confirmation debtor's attorney's fees:** Attorney fees shall be paid from the plan payments pursuant to LR 2016-1 unless a different treatment is provided in Part 7 *and* the court issues a specific order regarding that proposed treatment. Pre-confirmation attorney fees are limited to the amounts set out in LR 2016-1(D) absent a court order allowing fees in excess of said amounts. The confirmation of the plan without that separate, specific court order shall not permit attorney fees to be paid contrary to the equal monthly amount specified in Part 4.2. All attorney fees paid contrary to that paragraph or other order of the court are subject to disgorgement.

iii. **Treatment:** Eleven U.S.C. §1322(a)(2) provides that all claims entitled to priority under §507(a) shall be paid in full in deferred cash payments, except when §1322(a)(4) applies to §507(a)(1)(B) priority claim, unless the holder of a particular claim agrees to a different treatment of such claim. All priority claims, regardless of the underlying basis for the claim, are similarly classified for purposes of distribution

under this plan unless otherwise specified in Part 7 or other order of the court. Priority creditors shall not receive interest on their claims unless otherwise specified in the plan or other order of the court.

iv. **Classification:** All priority creditors, including DSO's, with a filed and allowed claim for whom an EMA is provided in Part 7, shall be grouped for distribution purposes with any creditor for whom an EMA is provided, including secured claims and debtor's attorney's fees. All priority unsecured creditors, including DSO's, with a filed and allowed claim for whom an EMA is not provided, shall be grouped for distribution purposes with any secured creditor being paid pro rata as funds are available for that class of creditors.

### G. TREATMENT OF NONPRIORITY UNSECURED CLAIMS

i. **Base plans:**

a. **Base amount:** The base amount ("Base") shall be calculated by multiplying the number of months proposed in a base case by the monthly plan payment. If the monthly plan payment changes, the base shall be adjusted accordingly.

b. **Dividend to be set in Base plans:** After both the governmental and non-governmental bar dates have passed and the trustee has filed the Notice Allowing/Disallowing Claims and said Notice is final, the trustee will set a dividend in Base cases establishing the percentage that the Base will pay to non-priority unsecured creditors at that time. The trustee will provide a notice of the set dividend.

c. **Adjustments to the dividend:** Once the dividend has been set in a Base plan, the trustee may adjust the dividend as necessary to ensure that the case complies with the Applicable Commitment Period if the plan runs short of the Applicable Commitment Period due to a withdrawn proof of claim, a lump sum payment made by the debtor, a decrease in trustee's fees, a decrease in the conduit mortgage payment, or any other event. The dividend may also be adjusted based on a post-confirmation amended plan filed by debtor. The trustee will provide notice of the adjusted dividend. If the debtor remits sufficient funds to the trustee to pay off the case in full, e.g. 100% to all filed and allowed unsecured creditors; the trustee may adjust the plan to a 100% plan for filed and allowed unsecured creditors without further order of the court.

d. **Payment of non-priority unsecured creditors:** Filed and allowed non-priority unsecured creditors shall be paid their pro rata share, as funds are available, of plan payments available after the satisfaction of administrative expenses, secured claims (including interest), priority unsecured claims and after all long-term debt payments being paid through the trustee are current.

e. **Length of Base:** Because the total funds paid into the plan *must* be sufficient to satisfy the administrative expenses, secured claims and priority unsecured claims, the plan may actually run longer than the number of months needed to satisfy the Base. Any adjustments made to the Base that results in the Plan running in excess of the sixty-month statutory time limit of 11 U.S.C. §1322(d) may result in the trustee filing a motion to dismiss.

ii. **Pot plans:**

a. **Liquidation analysis pot (LAP):** The LAP amount listed in Part 5.2 should be the amount of non-exempt equity. When setting the dividend to non-priority unsecured creditors, the trustee will deduct hypothetical Chapter 7 trustee fees from the LAP amount. The hypothetical fees will be calculated pursuant to 11 U.S.C. §326. After deduction of said fees and any allowed priority claims, any funds remaining in the LAP will be paid to allowed non-priority unsecured claimants pursuant to the set dividend. Filed and allowed special or co-debtor non-priority claims will not receive more than their pro rata share of any funds available for distribution to filed and allowed non-priority claimants from the LAP; if the plan provides for filed and allowed special or co-debtor non-priority claims to be paid more than the other filed and allowed non-priority unsecured claimants, then the debtor shall pay to the trustee the additional funds necessary to satisfy those claims.

    b. **Disposable income pot (DIP):**

        1. **DIP amount:** If the debtor has disposable income as defined in 11 U.S.C. §§1325(b)(2) and (b)(3) and the applicable commitment period as defined in §1325(b)(4)(A) is not less than five (5) years, the DIP amount shall be the amount of the monthly disposable income on Form 122C-2 multiplied by 60.
        2. **Dividends in DIP plans:** When setting the dividend to non-priority unsecured creditors, the trustee will deduct pre-confirmation attorney's fees paid from plan payments and filed and allowed special or co-debtor non-priority unsecured claims. Filed and allowed priority claims are not deducted from the DIP as they already have been deducted on the Form 122C-2. Any remaining funds in the DIP will be paid to filed and allowed non-priority unsecured claims pursuant to the set dividend. If the DIP is less than or equal to the sum of the pre-confirmation debtor's attorney's fees being paid from the plan payments and filed and allowed special or co-debtor non-priority unsecured claims, the filed and allowed non-priority unsecured claims shall receive zero percent (0%), unless the plan runs short of the applicable commitment period. See paragraph I(ii) below.

    c. **Adjustment to dividend for both LAP plans and DIP plans:** After the dividend to non-priority unsecured creditors is set, the trustee will not reduce the dividend to accommodate additional or amended proofs of claim filed and allowed after the bar date but may increase the dividend if a proof of claim is withdrawn or amended to a lower amount to ensure compliance with 11 U.S.C. §1325(a)(4). If the debtor believes that reduction of the dividend is required, it will be the responsibility of the debtor to determine the appropriate dividend and file an amended plan to adjust the dividend. Any such amendment to the plan shall reflect the dividend which previously has been set and shall provide a dividend that will comply with 11 U.S.C. §1325(a)(4) and must be at least equal to any distributions already made to non-priority unsecured creditors.

## H. DISTRIBUTIONS TO CREDITORS

    i. **Proof of claim:** The trustee shall only distribute payments, including adequate protection payments, to creditors who have filed and allowed proofs of claim. If the plan provides for the debtor to make payments directly, then the failure of the creditor to file a proof of claim does not excuse the debtor from making the required direct payments. If the debtor is to make direct payments to a creditor, those payments must be paid pursuant to the terms of the contract regardless of whether the plan is confirmed. However, if the trustee is to pay any portion of a claim, then it is necessary for the creditor to file a proof of claim to receive the portion of the claim to be paid through the trustee. Notwithstanding the confirmation of this plan, the debtor(s) and the trustee reserve the right to challenge the allowance, validity or enforceability of any claim, in accordance with 11 U.S.C. §502(b) and to challenge the standing of any party to assert any such claim.

    ii. **Order of distributions:** The trustee shall distribute to creditors, absent other order of the court, based on the confirmed plan, filed and allowed proofs of claim, and the notice to allow claims and any subsequent notices to allow additional, adjusted or amended claims. See LR-3084-1 and LR 3085-1. The manner and order of distribution to creditors shall be determined by the trustee unless otherwise clearly set out in the plan as confirmed.

    iii. **Creditor mailing address/assignments or transfers:** The trustee shall mail payments to the address provided on the proof of claim unless the creditor provides another address in writing for payments or the trustee receives other official, written notice of a change of address. If the claim is assigned or transferred, the trustee shall continue to remit to the original creditor until an assignment or transfer of claim is filed with the court.

    iv. **Payment of claim after lifting of stay:** The trustee shall continue to make payments to any creditor with a filed and allowed claim after an order granting relief from the stay is entered or the stay is otherwise not in effect. The trustee shall cease making payments only if:

        a. the claim is withdrawn by the creditor; or
        b. an objection to the claim is filed and an order is entered directing the trustee to cease making payments on the claim; or
        c. the claimant notifies the trustee in writing that no further payments are owed on the claim(s); or
        d. an amended plan is filed and confirmed which specifically provides for no further payments to the claimant.

    See LR 3086-1.

    v. **Trustee's avoidance powers:** If the trustee recovers funds related to a transfer, the recovered funds will be for the benefit of unsecured creditors, less administrative fees and costs, absent other court order.

## I. DEFINITIONS

    i. **Arrearage:** Any arrearages listed are the debtor's best estimate of the amount owed as of the date of the petition. The trustee shall pay arrearages based on the filed and allowed proof of claim pursuant to LR 3084-1. If no arrearage amount is shown on the proof of claim, none shall be paid.

    ii. **Applicable commitment period:** If the trustee or an unsecured creditor objects to confirmation of a plan pursuant to 11 U.S.C. §1325(b)(1)(B), the debtor shall devote to the plan all disposable income for payment to unsecured creditors for the applicable commitment period from the date that the first plan payment is due, as defined in §1326(a)(1), unless the plan provides for payment in full of all filed and allowed unsecured claims over a shorter period. Regardless of whether the trustee objected to the confirmation of

the plan pursuant to §1325(b)(1)(B), the trustee may file a Motion to Amend Plan pursuant to 11 U.S.C. §1329 to a Base plan, a dividend plan or a Pot plan if the plan as filed and confirmed will pay all administrative expenses and filed and allowed secured and priority creditors in a period of time that is less than the applicable commitment period. This includes plans running less time than anticipated due to the lifting of the automatic stay, secured or priority claims being allowed for less than the scheduled amount or not filed at all, withdrawn claims, lien avoidance or disallowance of claims or plans running less than the applicable commitment period due to other reasons. The trustee, the debtor or an allowed unsecured claimant may also file a Motion to Amend Plan pursuant to §1329 if there has been a post-confirmation change in circumstances that would allow the debtor to pay a dividend or an increased dividend to non-priority unsecured creditors.

iii. **Equal monthly amount (EMA):** Claims with EMAs may receive more than the EMA and may receive those additional funds prior to payments being made to non-priority unsecured creditors.

iv. **Long term debt:** A long term debt is one in which the final payment due under the terms of the contract comes due after the final Chapter 13 plan payment comes due.

# United States Bankruptcy Court
### Western District of Missouri

In re: **Randy Gene Widener / Jennifer Lynne Widener**, Debtor(s)

Case No. **19-50060**
Chapter **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **February 26, 2019**, a copy of Debtors' Chapter 13 Plan was served electronically or by regular mail to all interested parties, the Trustee and all creditors, contracts and leases listed below:

Randy Gene Widener  807 North 23rd Street  Saint Joseph, MO 64506
Jennifer Lynne Widener  807 North 23rd Street  Saint Joseph, MO 64506

A Plus Cash Advance, 139 N. Belt Highway Suite K, Saint Joseph, MO 64506
A&M Finance, 105 North Main Street, Grain Valley, MO 64029
Account Liquidation Collection, P.O. Box 174, Decorah, IA 52101
Account Liquidation Services, 304 W. Water St., Decorah, IA 52101
Ace Cash Express, Lockbox Services 205115, Irving, TX 75063
Ad Astra Recovery, 3611 Northridge Rd. #104, Wichita, KS 67205
Ad Astra Recovery, 3611 Northridge Rd. #104, Wichita, KS 67205
ADVANCE RECOVERY SYSTEMS, 219 kATHERINE dR., Flowood, MS 39232
Albany Vet Clinic, 1104 W. Hwy 136, Albany, MO 64402
Alliance Radiology, PO Box 809012, Kansas City, MO 64180
AMERI COLLECT, PO BOX 1566, Manitowoc, WI 54221
American Family Insurance, 2335 N Belt Hwy, Suite C, Saint Joseph, MO 64506
American Gold Mine, 2102 S. Belt Hwy, Saint Joseph, MO 64507
Americollect, PO Box 1566, Manitowoc, WI 54220
Amsher Collections Service, 4524 South Lake Parkway, Suite 15, Birmingham, AL 35244
Aquila, Inc, PO Box 11739, Kansas City, MO 64138
Aspen, PO Box 105341, Atlanta, GA 30348-5341
Asset Acceptance, PO Box 2036, Warren, MI 48090
AT& T/Southwestern Bell, c/o Business Bankruptcy, PO Box 769, Arlington, TX 76004
AT&T, P. O. Box 5014, Carol Stream, IL 60197
Attorney General, Main Justice Building, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001
AUTO EXCHANGE, PO BOX 100, Cameron, MO 64429
Bank of America, PO BOX 851001, Dallas, TX 75285
Bank of America Business Card, P O Box 15796, Wilmington, DE 19886
Bethany Towing LLC, 22916 E. US Highway 136, Bethany, MO 64424
Billoe LLC, 4914 Woodfield RD., Saint Joseph, MO 64506
Bradford Exchange, 9345 Milwaukee Ave, Niles, IL 60714
Cameron Regional Medical Center, P O Box 557, Cameron, MO 64429-0557
Casey's Corporate Headquarters, One Convience Drive, Ankeny, IA 50021
Caseys General Store, 101 S Polk St., Maysville, MO 64469
Cash Country, 3119 North Belt Hwy., Saint Joseph, MO 64506
Cashnet, PO Box 3023, Hutchinson, KS 67504
Cecil Allen Snodgrass, Alberta Snodgrass, 6980 Saxton Road, Saint Joseph, MO 64507
Celia Reed, Reed Properties, 505 E. 19th Street, Kearney, MO 64060

| |
|---|
| **CENTRY TEL, PO BOX 6001, Marion, LA 71260** |
| **CENTRY TEL, PO BOX 6001, Marion, LA 71260** |
| **Centurty Link, P. O. Box 4300, Carol Stream, IL 60197** |
| **City of Albany, 106 East Clay Street, Albany, MO 64402** |
| **City of Cameron, 205 N Main, Cameron, MO 64429** |
| **City of Cameron, 205 N Main, Cameron, MO 64429** |
| **CLINE COLLECTIONS/MO STATE SERVICES, PO BOX 1459, Winterville, NC 28590** |
| **CMI, 4200 International Parkway, Carrollton, TX 75007** |
| **Complete Payment Recovery Services, PO Box 30272, Tampa, FL 33630-3272** |
| **Cook Country, PO Box 6018, Harlan, IA 51593-1518** |
| **Cook Crossing Dental Care, 4112 N Belt Hwy, Saint Joseph, MO 64506** |
| **Covergent Outsourcing, PO Box 9004, Renton, WA 98057-9004** |
| **Creath Thorne, 400 Jules St. Suite 345, Saint Joseph, MO 64501** |
| **Credit Acceptance, 25505 W 12 Mile Road, Southfield, MI 48034** |
| **CREDIT AND CARD DEPT, PO BOX 5519, Sioux Falls, SD 57117-5519** |
| **Credit Collection Services, 2 Wells Ave, Newton Center, MA 02459** |
| **Credit Protection, One Gallery Tower, 133555 Noel RD, Ste 2100, Dallas, TX 75240** |
| **Credit World Services, Inc., 6000 Martway Street, Shawnee Mission, KS 66202** |
| **Cresent Bank and Trust, PO Box 98513, Baton Rouge, LA 70864** |
| **CVS Pharmacy/Headquarters, One CVS Drive, Woonsocket, RI 02895** |
| **Dacotah Bank, 308 South Main Street, Aberdeen, SD 57401** |
| **Dakota Bank, 211 N. Main St, PO Box 206, Blunt, SD 57522** |
| **Deffenbaugh Recycle Company, Headquarters, 2601 Midwest Drive, Kansas City, KS 66111** |
| **Dept. Education, Office of Gen. Counsel, Div. of Post-Secondary Education, 400 Maryland Ave., SW Room 6E353, Washington, DC 20202-2110** |
| **Direct Loan Servicing System, P O Box 5609, Greenville, TX 75403** |
| **Direct TV LLC, 2230 East Imperial Hwy, El Segundo, CA 90245** |
| **Division of Employment Security, P O Box 3100, Jefferson City, MO 65102** |
| **Dollar General Corporate Headquarters, 100 Mission Ridge, Goodlettsville, TN 37072** |
| **Dollar General Corporate Headquarters, 100 Mission Ridge, Goodlettsville, TN 37072** |
| **Douglas A. Wyckoff, 1801 N. Walnut, Cameron, MO 64429** |
| **Dr. David Christensen DDS, 400 Jules  Suite 440, Saint Joseph, MO 64501** |
| **Duvera Financial, 2701 Loker Ave W, Carlsbad, CA 92008** |
| **East Ridge Family Dentistry, 3918 Sherman Ave., Saint Joseph, MO 64506** |
| **EASY PAY FINANCE, PO BOX 2549, Carlsbad, CA 92010** |
| **Electronic Check Services, 1615 S Ingram Mill Rd Bld B, Springfield, MO 65804-2261** |
| **Elite Financial Security, 9417 E 63rd, Raytown, MO 64133** |
| **ENTERPRISE RENT A CAR, PO BOX 842442, Dallas, TX 75284** |
| **EOS CCA, PO Box 5012, Norwell, MA 02061-5012** |
| **ERC, PO Box 23870, Jacksonville, FL 32241-3870** |
| **Exchange Bank & Trust, 121 S Main St, Troy, KS 66087** |
| **EZ Money Check Cashing, 803A South Belt Hwy, Saint Joseph, MO 64507** |
| **First Bank and Trust, P. O. Box 1830, Covington, LA 70434** |
| |
| **FIRST COLLECTION SERVICES, 10925 OTTER CREEK E. BLVD, Mabelvale, AR 72103** |
| **First Financial Asset Management, PO Box 56245, Atlanta, GA 30343** |
| **First Premier Bank, 601 S. Minnesota Ave., Sioux Falls, SD 57104** |
| **Flexible Finance, 516 N Belt Hwy, Saint Joseph, MO 64506** |
| **Gary Soske, 5824 N. Mayview Ave., Kansas City, MO 64151** |

**Geico, One Geico Plaza, Bethesda, MD 20811**
**Gem City Account Services, 200 N. 8th Suite 104, Quincy, IL 62301**
**General Account Service, P.O. Box 12400, Kansas City, MO 64116**
**Ginny's, P O Box 2825, Monroe, WI 53566**
**Goggins and Lavintman, PO Box 21129, Eagan, MN 55121**
**Gower Family Care Center, 303 S US 169 Highway, Gower, MO 64454**
**Graham, Bill D PhD, 1212 S Main St A, Maryville, MO 64468**
**Grand River Ambulance, PO Box 105, Stanberry, MO 64489**
**Great Western Bank, P. O. Box 2345, Sioux Falls, SD 57101**
**Great Western Bank, PO Box 790408, Saint Louis, MO 63179-0408**
**Greater Missouri Operations  AKA  KCP&L, 1200 Main St., Kansas City, MO 64105**
**Harris & Harris, 111 W Jackson Blvd Suite 400, Chicago, IL 60604**

**Harrison Co. Hospital, 2600 Miller St., Bethany, MO 64424**
**Harrison County Community Hospital, P O Box 428, Bethany, MO 64424-0428**
**Heartland/Mosaic ER, 5325 Faraon St., Saint Joseph, MO 64506**
**HYDROXATONE, PO BOX 1366, Hoboken, NJ 07030**
**Internal Revenue Service, PO Box 7346, Philadelphia, PA 19101-7346**
**James Hulet, 520 North Main, Cameron, MO 64429**
**Jefferson Capital Systems, 16 McLeland Rd, Saint Cloud, MN 56303**
**Jerry Anderson, 5914 N. Belt Hwy, Saint Joseph, MO 64506**
**John Lee Jackson, Universal Fidelity LP, 1445 Longhorn Creek Dr., Houston, TX 77084**
**Kansas Counselors, P O Box 14765, Shawnee Mission, KS 66285**
**KCP&L, PO Box 219703, Kansas City, MO 64121-9703**
**KLC INC, PO BOX 3006, Saint Joseph, MO 64503**
**Larry & Sung Jones, 1733 SE State Route R3, Easton, MO 64443**
**LC Systems Inc., 444 Hwy 96 East, PO Box 64887, Saint Paul, MN 55164-0887**

**Liberty Hospital Medical Group, P.O. Box 219392, Kansas City, MO 64121**
**Lynthia B. Bowman, DO, 3312 Newport Rd., Saint Joseph, MO 64505**
**MCM, Dept. 12421, PO Box 603, Oaks, PA 19456**
**MCM, 2365 Northside Drive, Suite 300, San Diego, CA 92108**
**MCM, Inc., 8875 Aero Dr., Ste 200, San Diego, CA 92123**
**Meaghan Myers Forck, P O Box 59, Jefferson City, MO 65104**
**MEDACOM,**
**Medford Pest Control, PO Box 55, Cameron, MO 64429**
**Mediacom, P. O. Box 5744, Carol Stream, IL 60197**
**Mediacom, P. O. Box 5744, Carol Stream, IL 60197**
**Metlife Group Dental Plans, PO Box 981282, El Paso, TX 79998-1820**
**MId-America Title Loans, 2600 N. Belt Hwy, Saint Joseph, MO 64506**
**MIDLAND FUNDING LLC, Gameche & Myers, 1000 Camera Ave. Ste. A, Saint Louis, MO 63126**
**Midwest Title Loans, 603 South Belt Hwy, Saint Joseph, MO 64507**
**Midwestern Health Management, dba Northwest Financial Services, PO Box 848, Saint Joseph, MO 64502**
**Missouri  Title Loans Inc., 1509 N. Belt, Saint Joseph, MO 64506**
**Missouri American Water, Customer Service, P.O. Box 578, Alton, IL 62002**
**Missouri American Water, PO Box 94551, Palatine, IL 60094**
**Missouri Department of Revenue, Taxation Division, P. O. Box 385, Jefferson City, MO 65105**

**Missouri Energy Services, 1801 NW 66th Ave, 200, Fort Lauderdale, FL 33313**
**Missouri Gas Energy, 7500 E 35th ST, Kansas City, MO 64129-1368**
**MM Finance, Atty John Manring, 2607 Union, Saint Joseph, MO 64506**
**Mosaic, PO BOX 3495, Toledo, OH 43607**

**Mosaic Life, 298 S. Young St., Ormond Beach, FL 32174**
**Mosaic Life Care, 5325 Faraon St, Saint Joseph, MO 64506**
**N. Oliver Soghrati DO, 29 Warrior Dr, Albany, MO 64402**
**Nation Wide Credit inc, PO  BOX 26314, Delano, PA 18220-6314**
**NCO Financial Systems, PO Box 15372, Wilmington, DE 19850**
**Nick Swope, 2822 Charles Street, Saint Joseph, MO 64507**
**Nodaway Valley Bank, P O Box 700, Maryville, MO 64468**
**NORS CALL CENTER SOLUTIONS, PO BOX 701, Chesterfield, MO 63006-0701**
**North West Financial Services, 3620 Frederick Avenue, Saint Joseph, MO 64506**
**Northland Ear, Nose & Throat, 2521 Glenn Hendren Drive, Liberty, MO 64068**
**Northshore Collection Agency, 270 Spagnoli Rd, Suite 110, Melville, NY 11747**
**Northwest Family Health Inc., 1007 South Polk Street, Maysville, MO 64469**
**Northwest Financial Services, P O Box 848, Saint Joseph, MO 64502**
**Northwest Health Services, 620 Francis, 4th Floor, Saint Joseph, MO 64502**
**Northwest Health Services Inc., P O Box 803886, Kansas City, MO 64180-3886**
**Northwest Medical Center, 705 N. College Street, Albany, MO 64402**
**Norwest Financial, 3455 Beltline Road Suite 215, Irving, TX 75062**
**Optima Recovery Services, Attention:  Bankruptcy, PO Box 52968, Knoxville, TN 37950-2968**
**Orthopedic and Sports Medicine, 3107 Frederick Suite B, Saint Joseph, MO 64506**
**Parker Pest Control Services, PO Box 696, Saint Joseph, MO 64501**
**Paul Bullman, 4600 Madison Ave, Suite 810, Kansas City, MO 64112**
**Pay Pal Buyer Credit, P O Box 960080, Orlando, FL 32896-0080**
**Paypal, P. O. Box 105658, Atlanta, GA 30348**
**Personalized Collection Services, PO Box 35421, Kansas City, MO 64134**
**Peta Raines Collector, 102 Main, Gallatin, MO 64640**
**Phillip B Loillette, PO Box 790, Pickerington, OH 43147**
**Physicians Reference Lab, now LabCorp, 7800 West 110th Street, Overland Park, KS 66210**
**Portfolio Recovery Associates, Attention:  Bankruptcy, 120 Corporate Blvd #100, Norfolk, VA 23502**
**Prefered Family Health Care, 1015 South Frame St., Hamilton, MO 64644**
**Professional Account Management, P O Box 849, Saint Joseph, MO 64502-0849**
**Professional Account Management, P O Box 849, Saint Joseph, MO 64502-0849**
**Progressive, 256 W. Data Drive, Draper, UT 84020**
**PROVO CRAFT, 10855 S River Front Pkwy #300, South Jordan, UT 84095**
**Publishers Clearing House, 25 McLeland Rd, Saint Cloud, MN 56303**
**PWSD #3 Daviess County, Lake Viking, 116 Waterworks St., Gallatin, MO 64640**
**Quik Payday, PO Box 327, 41 E. 400 N., Logan, UT 84321-4020**
**Radiology Spec. of St Joe, P O Box 898, Myrtle Beach, SC 29578**
**Radiology Specialist of St Joseph, LLC, P O Box 898, Myrtle Beach, SC 29578**
**Randy Stanton, 9670 NW Dawn Lane, Gower, MO 64454**
**Receivables Performance Management, P O Box 1548, Lynnwood, WA 98046**
**Recievable Recovery Services, 110 Veterans Blvd #445, Metairie, LA 70005**

**Reiman Publications, P. O. Box 4002872, Des Moines, IA 50340**
**Restaurant E Fund, PO Box 2501 3136, Springfield, MO 65801**
**RETRIEVE CORPORATION, PO BOX 22506, Kansas City, MO 64113**
**Rewards 660, processing Center, Sioux Falls, SD 57109-9210**
**Robert Wyrick, 204 Roundtree Drive, Crowley, TX 76036**
**Robert Wyrick, 204 Roundtree Drive, Crowley, TX 76036**
**ROSS KLIEN CAPITAL MANAGEMENT, PO BOX 604, Belleville, MI 48112**
**RSW & ASSOICATES, PO BOX 19515, Mission, KS 66205**
**Saint Joseph License Office, 1301 Village Dr, Saint Joseph, MO 64506**
**Santander Consumer USA Inc., Attn:  Bankruptcy Department, P. O. Box 560284, Dallas, TX 75356**
**Shelly Duncan, 19306 Diamond Lane, Smithville, MO 64069**
**Shelter Insurance, 6412 Kinghill Ave., Saint Joseph, MO 64504**
**SHOP KO, P O Box 19060, Green Bay, WI 54307-9060**
**Shop'N'Hop No. 9, 6101 N Belt Highway, Saint Joseph, MO 64506**

**SKO Brenner American, 40 Daniel Street, P O Box 230, Farmingdale, NY 11735-0230**
**Speedy Cash, Attn:  Bankruptcy, P O Box 780408, Wichita, KS 67278**
**Speedy Cash, 1212 S Belt Highway, Saint Joseph, MO 64507**
**Speedy Cash, Attn:  Bankruptcy, P O Box 780408, Wichita, KS 67278**
**Speedy Cash, PO Box 780408, Wichita, KS 67278**
**Sprint, PO Box 54977, Los Angeles, CA 90054**
**Sprint Headquarters, 6200 Sprint Prky, Overland Park, KS 66251**
**Sprint Nextel, Attn: Bankruptcy Dept., PO Box 7949, Overland Park, KS 66207**
**SSM Health, 114 E. South Hills Drive, Maryville, MO 64468**
**St. Louis Financial Group, LLC, c/o John H. Soeder, III, 1 Campbell Plaza, Ste 1A North, Saint Louis, MO 63139**
**Stan Hughes Accounting, ATTY: Daniel Radke, PO Box 2033, Saint Joseph, MO 64502**
**Stop Loss, Inc., PO Box 4710, Monroe, LA 71211**
**Sudden Link, PO Box 742535, Cincinnati, OH 45274-2535**
**Sunrise Credit Services, PO Box 9100, Farmingdale, NY 11735**
**Supreme Asset Management Inc, 100 Abernathy Rd., Suite 165, Atlanta, GA 30328**
**T Mobile USA, Inc., Bankrutpcy Department, PO Box 53410, Bellevue, WA 98015**
**Tek Collect Inc., PO Box 1269, Columbus, OH 43216**
**Tenorio & Tenorio MD, 1607 e. hWY 36, Albany, MO 64402**
**The Affiliated Group, 3055 41st Street NW  #100, Rochester, MN 55901**
**Thomas L. Steale, Atty at Law, 3527 N. Ridge Rd, Wichita, KS 67205**
**Thomas Schneider DDS, 307 W. Clay Street, Albany, MO 64402**
**TIGER TRANZ, 5330 RING GOLD RD STE A, Chattanooga, TN 37412**
**TitleMax of Missouri, 1616 South Belt Hwy, Saint Joseph, MO 64507**
**Todd Griffee, 3500 N Village Drive Ste 234, Saint Joseph, MO 64505**
**Trac-A-Chec, P. O. Box 2764, Davenport, IA 52804**
**Transworld Systems, Inc., Collection Agency, 500 Virginia Drive # 514, Fort Washington, PA 19034-2707**
**Tribute, PO Box 136, Newark, NJ 07101**
**TRS Recovery Services, 5251 Westheimer Rd, Houston, TX 77056**
**Twisted Sisters, 105 West Hwy 136, Albany, MO 64402**
**U.S. Attorney, Western District of Misso, Attn:  Bankruptcy Processing Clerk, Charles Evans Whittaker Courthouse, 400 East 9th Street, Room 5510, Kansas City, MO 64106**
**U.S. Attorney, Western District of Misso, Attn:  Bankruptcy Processing Clerk, Charles Evans Whittaker Courthouse, 400 East 9th Street, Room 5510, Kansas City, MO 64106**
**U.S. Attorney, Western District of Misso, Attn:  Bankruptcy Processing Clerk, Charles Evans Whittaker Courthouse, 400 East**

| | |
|---|---|
| 9th Street, Room 5510, Kansas City, MO 64106 | |
| U.S. Attorney, Western District of Misso, Attn:  Bankruptcy Processing Clerk, Charles Evans Whittaker Courthouse, 400 East 9th Street, Room 5510, Kansas City, MO 64106 | |
| Universal Data Services, P. O. Box 8890, Saint Joseph, MO 64508 | |
| US Recovery, 351 Linden Street, Fort Collins, CO 80524 | |
| VBS Inbox Loan, True Accord, 303 2nd Street, Ste 750 South, San Francisco, CA 94107 | |
| Viking Valley Association, 144 East Main, Gallatin, MO 64640 | |
| WalMart, 3022 South Belt Hwy, Saint Joseph, MO 64503 | |
| Watertown Credit Bureau, 925 16th SW, PO Box 234, Watertown, SD 57201-0234 | |
| Windstream Communications, P O Box 9001908, Louisville, KY 40290-1908 | |
| | |
| World Finance Corporation, 2905 South Belt Highway, Saint Joseph, MO 64503 | |

/s/ Noah J. Briles
Noah J. Briles 41473
Noah J. Briles Law Office
918 Francis Street
St. Joseph, MO 64501
816-232-6265Fax:816-279-4483
nbriles@stjoelive.com